FANNIE COHEN and MORRIS COHEN, Plaintiffs, *v.* ISAAC EISENBERG, Defendant.

Supreme Court, Trial Term, New York County, March 27, 1940.

*Barry M. Caruth,* for the plaintiffs.

*Solomon S. Eisenberg,* for the defendant.

KOCH, J. This is a motion to set aside a verdict for $1,500 rendered in favor of plaintiffs in an action for slander. The complaint alleges in effect that plaintiffs were engaged in the retail sale of kosher meats and poultry, with an established reputation for selling them, and that defendant falsely stated in plaintiffs' store that non-kosher meat and goods were sold there, the statements being made in the presence of other persons and resulting in injury and damage to plaintiffs.

The answer contains in substance a general denial and several affirmative defenses. The first and second defenses are pleaded by way of justification and allege in effect that what is kosher is governed by orthodox Jewish religious law; that under such law a person, including plaintiffs, who engages in the business of selling meat or poultry to persons desiring kosher meat and poultry must conduct his business in accordance with the requirements of such religion, setting forth certain of such alleged requirements. Such

defenses then plead the truth of the alleged utterance and state in some detail and particularity the alleged facts which the defendant claims form the basis of his contention that the utterance was true. The second defense contains additional allegations that under the orthodox Jewish religious law poultry sold or offered for sale as kosher in New York city is not kosher unless it has been slaughtered in an establishment having adequate orthodox rabinnical supervision under the auspices of the Kashruth Association of Greater New York, Inc., and unless such poultry has attached thereto seals furnished by such association; and that plaintiffs dealt in and offered for sale as kosher, poultry which did not comply with these requirements. As a further defense it is alleged in effect that it is the religious duty of orthodox Jews, of whom defendant is one, to prevent coreligionists from transgressing orthodox Jewish religious laws relating to kosher food, and to warn them against committing such transgressions; that the alleged utterance if made was made in good faith and without malice. A still further defense contains additional allegations to the effect that the defendant inspected plaintiffs' store in compliance with his duty as a member of the Vaad Hakashruth of an orthodox Jewish synagogue, which requires members to inspect establishments dealing in kosher foods, to see that the dietary laws are observed and enforced and to prevent coreligionists from violating such laws and to advise and warn them accordingly. The subject-matter of the last-mentioned defense is also repeated as partial defenses.

The proof shows that the defendant came into plaintiffs' store on a business day and proclaimed in the presence and hearing of everyone there, including such of plaintiffs' customers as were in the store, in words or effect that " It is not kosher here."

Among the witnesses called by the plaintiffs was the person having charge of the sales of kosher meats for many years in a meat company where the plaintiffs purchased meats. His testimony was to the effect that he sold plaintiffs only kosher meats. Another witness called by plaintiffs was the chief officer of the New York city department of public markets, kosher division, who testified that his department never issued a summons to plaintiffs for the sale of non-kosher meats. The plaintiffs also called as a witness one Gerson, a schochet, who is a person engaged in the actual manual operations of slaughter, who testified in respect to the requirements according to which poultry would be deemed kosher and regarding the Talmudic requirements in that respect. He further testified in effect that he derives his authority from rabbis, and that their determination is supreme in matters relating to the orthodox Hebrew religious requirements in relation to kosher foods.

The plaintiffs testified that Rabbi Charlap gave them a sign to place in their store indicating his rabbinical supervision. However, he was not called as a witness by them and his testimony when he was called as a witness on behalf of the defendant will be referred to hereafter.

The defendant called two rabbis whose testimony was to the effect that under the orthodox Hebrew religious requirements then in force in New York city poultry was not kosher if it had not been slaughtered in an establishment having rabbinical supervision under the auspices of the Kashruth Association of Greater New York, Inc., and if such poultry did not have attached thereto a seal or plomba of said Kashruth Association. It appears that these alleged requirements were not complied with. These rabbis further testified to the effect that in November, 1934, an assembly of a majority of the orthodox rabbinate of New York city adopted an " Issur," or religious prohibitory decree, which prescribed said requirements, and that said " Issur " thereupon became a part of the Jewish law.

Dr. Bacarat, a rabbi called on the court's own motion, testified to the effect that the association's supervision in respect to slaughter and preparation of kosher food was limited to those who were members of that association and who abided by the " Issur," and that supervision by any duly constituted and recognized rabbi, even though not associated with the Kashruth Association, was sufficient under Jewish law to establish that food was kosher.

Rabbi Charlap, called on behalf of defendant, testified to the effect that he did not know until after the date when plaintiff claimed the alleged acts complained of occurred that they were selling poultry without the seal of the Kashruth Association, and that had he known of that fact he would have removed his sign, because the poultry was, therefore, non-kosher.

From the testimony adduced by the defendant, it appears that poultry which the plaintiffs offered for sale had not been slaughtered in an establishment conducted under the auspices of the Kashruth Association of Greater New York, Inc., and that such poultry did not have attached thereto a seal or plomba of said Kashruth Association.

The Kashruth Association is a corporation organized under the Membership Corporations Law of this State. The " Issur " applies only to animals slaughtered within the city of New York. It would appear that the poultry of the plaintiffs met all kosher requirements except that it was not killed in an establishment maintained under the auspices of that association and did not have the association's seal or plomba attached. The defendant does not contend to the contrary.

It appears that there are many rabbis in the city of New York who are not members of the association. This court is unwilling to hold that poultry which would otherwise meet every requirement to make it kosher — requirements that have been established for centuries — and which would be kosher if slaughtered and prepared in any place in the world except the city of New York, would become non-kosher solely because it was slaughtered and prepared in an establishment not maintained under the auspices of an incorporated organization by no means universally accepted as an arbiter by those of the Jewish faith.

Plaintiffs claim that the slander is actionable *per se*, because, they claim, the spoken words charge plaintiffs with a crime. They are in error in that respect. Under section 435-a of the Penal Law, in relation to the sale of kosher meat and meat preparations, intent and false representations are essential elements of the offenses therein proscribed, and those elements are not present in this case.

The court holds, however, that the words spoken were actionable *per se* because they tended to injure plaintiffs in their business.

The damages awarded were not excessive. The slanderous words were sufficient to cause plaintiffs substantial damage. The amount of damages in such a case as this is a matter peculiarly within the province of the jury.

Referring to the point made by the defendant, that certain defenses of justification were erroneously dismissed by the court, the question is no longer important in view of the disposition of this motion.

The motion to set aside the verdict in favor of plaintiffs and for a dismissal of the complaint or for a new trial is accordingly denied.